## Goepp *versus* The Borough of Bethlehem.

A borough has no authority under the Act of 3d April, 1851, to assess and levy a tax upon money at interest, or money owing by solvent debtors.

The exemption of such money and debts from taxation for borough and township purposes, by the Act of 25th April, 1850, § 22, is not repealed or superseded, by the 24th section of the Act of 30th April, 1851, called the General Borough Law.

ERROR to the Common Pleas of *Northampton county*.

This was an amicable action in which Philip H. Goepp was

[Goepp *v.* Borough of Bethlehem.]

plaintiff and The Borough of Bethlehem defendant. The parties agreed upon the following case stated for the opinion of the court.

The borough of Bethlehem was incorporated by an Act of the General Assembly of the Commonwealth of Pennsylvania, passed the 6th day of March, 1845 (the whole of which said act is to be treated and considered as part of this present case stated, as though the same had been fully set out therein).

On the 27th of January, 1854, the Court of Quarter Sessions of the said county made a decree that the said borough should become subject to the restrictions contained in, and should possess the powers and privileges conferred by the Act of the General Assembly aforesaid, approved the 3d day of April, 1851, commonly called the General Borough Law. All the proceedings upon which that decree is based are to be treated and considered as a part of this present case stated, as though the same had been fully set forth therein.

In the spring of the year 1855, the borough authorities, in making their assessment of taxes, imposed a tax upon moneys at interest. The assessment of the plaintiff, Philip H. Goepp, under this head, was as follows:—

On moneys, bonds, and stocks, at the rate of $\frac{1}{6}$ per cent., $593.01.

On the 15th of June, 1855, Philip H. Goepp appealed from this assessment, according to the Act of the 1st of April, 1834, S. B. (*Bright. Purd.* p. 100, pl. 64), but the Court of Appeal declined to make any alteration therein.

On the 8th of October, 1855, the plaintiff paid the amount of the above tax, $593.01, to the collector, under a protest, in the following terms:—

"Bethlehem, October   , 1855.

To Mr. Chas. W. Rauch,
    Collector of taxes of the Borough of Bethlehem.

Sir: I hereby give you notice that I protest against the legality of the following portion of the borough tax of 1855, assessed against me, to wit:—

Borough tax on moneys, bonds, and stocks at the rate of $\frac{1}{6}$ per cent., $593.01, for which you have declared to me that it is your intention to make a levy and distress of my property; that I pay the same upon compulsion, to prevent a levy and sale of my property, under protest, alleging that the borough had no authority to impose the said tax; and that I shall claim back the money so paid, and will hold both yourself and the borough responsible to me for it.                Yours, &c.,
                                            PHILIP H. GOEPP."

At the same time the plaintiff took from the collector a receipt, as follows:—

[Goepp *v.* Borough of Bethlehem.]

"Received, Bethlehem, October 8th, 1855, of Philip H. Goepp, five hundred and ninety-three dollars and one cent, it being the amount of borough tax assessed against the said Philip H. Goepp, for the year 1855, on moneys, bonds, and stocks, at the rate of ⅛ per centum, which amount the said Philip H. Goepp has paid to me under protest, on my declaring of having the intention to make a levy and distress of his property, in case of non-payment of the said amount.

$593.01.　　　　　　　　　　　　　CHARLES W. RAUCH."

The question submitted for the decision of the court is, whether the borough of Bethlehem has the power, under its charter, as above set forth, of assessing and collecting a tax on moneys, stocks, and bonds. If the court should be of opinion that it has that power, then judgment to be entered for the defendant; if not, then judgment to be entered for the plaintiff for the sum of $593.01, together with interest from the 8th of October, 1855, and costs.

It is agreed that either party may take a writ of error to the Supreme Court, as in other cases.

There were two other cases, by other plaintiffs, involving the same questions, and in which cases stated were also submitted to the court below and argued at the same time.

The court below (MAXWELL, P. J.) delivered the following opinion, and entered judgment for the defendant :—

"These three cases have been argued together. The questions presented were :—

"I. Has the corporation of the borough of Bethlehem the right to levy and collect a tax on moneys at interest?

"If it has, has it the right to levy such a tax on the moneys at interest of the plaintiffs in the second and third of the above stated suits?

"The borough of Bethlehem was incorporated on the 6th day of March, 1845. (*P. L.* 1845, p. 107.)

"On the 27th of January, 1854, the Court of Quarter Sessions of the county of Northampton, upon due application, made a decree that the said borough should become subject to the restrictions contained in, and should possess the powers and privileges conferred by the Act of the General Assembly approved the 3d day of April, 1851, commonly called the General Borough Law. This was done under the authority of the 33d section of this last-mentioned act, to be found in *P. L.* 1851, p. 327. *Brightly's Purd.* 97, pl. 11.

"By the 24th section of this Act of April 3d, 1851, it was provided that the corporate officers should have power 'to levy and collect annually for borough purposes any tax not exceeding one-half cent on the dollar, on the valuation assessed for county purposes *as now is* or *may be* provided by law; *all property*, offices,

[Goepp *v.* Borough of Bethlehem.]

professions, and persons *made taxable* by the laws of this Commonwealth for *county rates and levies shall be taxable* after the same manner for borough purposes:' *P. L.* 1851, p. 322, § 24; *Bright. Purd.* 98, pl. 41; and the 34th section of this act (*P. L.* 1851, p. 328) declares that ' all general laws of the Commonwealth inconsistent therewith are thereby repealed.'

"The Acts of 29th April, 1844, § 32 (*Bright. Purd.* 787, pl. 98), and 22d April, 1846, § 1 (*Bright. Purd.* 789, pl. 106), made moneys at interest *taxable for county purposes.*

"It was, however, provided by the 22d section of the Act of April 25th, 1850 (*Bright. Purd.* 783, pl. 66), ' that no law of this Commonwealth, rendering moneys owing by solvent debtors liable to be assessed and taxed for any purpose, shall be construed and held to make the same liable to be assessed and taxed for borough and township purposes, but the same shall be exempt from any charge, tax, or assessment for any such purposes,' and it is argued by plaintiffs' counsel that this last-mentioned act is not in anywise repealed by the Act of April 3d, 1851, but that these two acts are in *pari materia* and to be construed together, and therefore the defendants had no right to levy and collect this tax.

"In Blickensderfer *v.* School Directors, 8 *Harris* 40, the Supreme Court say, ' This Act of April 25, 1850, is an expository act, and plainly indicates that some improper practice, purporting to be founded on some Act of Assembly, is aimed at and intended to be corrected by legislative admonition.' ' The Borough Act of 1*st April,* 1834, and the act relating to county and township rates and levies of 15th April, 1834, made the valuation for county purposes the basis for borough and township taxation, and did not include many things then taxable for state purposes and afterwards for school purposes. But the Act of 29th April, 1844, § 3, enlarged the basis of county taxation to include these things. Many persons, not observing this anachronism, came to regard all subjects of county tax under the Act of 1844, as subjects also of borough and township tax. Whereas the law of 1834 *made nothing* subject to the latter tax except such as were then subject to county tax. They supposed that the basis of county taxation being enlarged, the basis of borough and township taxation was enlarged with it. This was the *erroneous construction intended to be corrected by the expository act of* 1850.'

"But, as has been shown *when the Act of April 3d,* 1851, *was passed, moneys at interest were taxable for county purposes,* and the legislature by that act declared, without exception or reservation, that ' *all property,* &c., made taxable by the laws of this Commonwealth for county rates and levies *should be taxable* after the same manner for *borough purposes,*' and in direct terms repealed all general laws of the Commonwealth inconsistent therewith. Under this distinct and direct legislation we are of opinion

[Goepp v. Borough of Bethlehem.]

that this *expository* Act of 1850, cannot be held to apply to boroughs incorporated under or made subject to the Act of April 3d, 1851, and that therefore the borough of Bethlehem had the right to levy and collect a tax upon moneys at interest.

"But it is urged by plaintiffs' counsel, secondly, That even if this borough had the right to levy such a tax on moneys at interest, the plaintiffs in the second and third of the three above stated suits, are exempt, they being charitable and religious corporations.

"The plaintiffs in the second suit were incorporated on the 29th of March, 1851. (*P. L.* 1851, 291.)

"The plaintiffs in the third suit were incorporated on the 3d of April, 1851. (*Ibid.* 345.)

"And plaintiffs' counsel argue thus:—

"'The Act of 1854, § 32 (*Bright. Purd.* 687, pl. 98), does not make the moneys at interest of corporations taxable, citing 2 *Watts* 172; 1 *Harris* 326; 8 *Watts* 291; 9 *Barr* 359.

"'The Act of 22d April, 1846, makes the moneys of corporations taxable, *but excepts religious associations* (*Bright. Purd.* 789, pl. 106), citing 9 *Barr* 362; 6 *Barr* 70; 7 *P. L. J.* 186; 1 *Harris* 322.

"'There is no act between 1846 and 1851, the time of the passage of the general borough law of 3d April, 1851, making the property of religious corporations taxable. On the 3d of April, 1851, then, the moneys at interest of the plaintiffs in the last two suits, were not taxable.

"'The general borough law makes taxable only property *then* taxable for county purposes. On the 14th of April, 1851, the property of religious corporations was made taxable.'

"We are, however, of opinion that the 24th section of the Act of 3d of April, 1851, included not only what *then was* but what *might thereafter be* subject to taxation for county purposes. It reads thus: 'To levy and collect, annually, for borough purposes, any tax not exceeding one half-cent on the dollar on the valuation assessed for county purposes as *now is* or *may be* provided by *law*. *All property*, offices, professions, and persons made taxable by the laws of this Commonwealth for county rates and levies, shall be taxable after the same manner for borough purposes.'

"Besides the 13th section of the Act of April 14, 1851, expressly declares 'that *all property*, real or personal, belonging to any association or incorporated company, which is now by law exempt from taxation, other than that which is in the actual use and occupation of such association or incorporated company, and from which an income or revenue is derived by the owners thereof, shall *hereafter be subject to taxation* in the same manner and for the same purposes *as other property is now by law taxable*. And so much of *any law* as is hereby altered and supplied be and the same is hereby repealed.'

[Goepp *v.* Borough of Bethlehem.]

"The act, we consider, removes the exemption as to *all taxation*, and makes such previously exempt property as liable to borough as to county taxation, where the previous exemption alone protected it from both.

"We are, therefore, of opinion that the plaintiffs, in all the three above stated cases, were liable for the taxes levied by defendant as therein stated, and direct accordingly that judgment be entered in each case in favour of the defendant."

*J. M. Porter, C.* and *M. Goepp,* for plaintiff in error.

*A. E. Brown,* for defendant in error.

The opinion of the court was delivered by

KNOX, J.—May the borough of Bethlehem lawfully assess a tax for borough purposes, on moneys at interest, or debts due from solvent debtors? This is the sole question presented by the case stated, and it received an affirmative answer in the Court of Common Pleas.

The borough of Bethlehem was incorporated by an Act of the General Assembly, passed on the 6th day of March, 1845; and subsequently, on the 27th of January, 1854, by a decree of the Court of Quarter Sessions, it was made subject to the restrictions contained in, and possessed of the powers and privileges conferred by the Act of the 3d April, 1851, commonly called the General Borough Law.

The 32d section of the Act 29th April, 1844, makes "all mortgages, money owing by solvent debtors, whether by promissory note, penal or single bill, bond or judgment; also all articles of agreement, and accounts bearing interest," subject to taxation "for all state and county purposes whatsoever."

Amongst the corporate powers given to boroughs by the Act of 3d April, 1851, is that "to levy and collect annually for borough purposes, any tax not exceeding one half-cent on the dollar on the valuation assessed for county purposes as now is or may be provided by law; all property, offices, professions, and persons, made taxable by the laws of this Commonwealth for county rates and levies, shall be taxable after the same manner for borough purposes."

In the absence of any other legislative enactment, the right of boroughs under the Act of 3d April, 1851, to impose a tax for borough purposes upon moneys at interest, would be tolerably clear; for although it is not expressly given, yet the words "all property" are broad enough to include choses in action, or debts due.

But by the 22d section of the Act of 25th April, 1850 (*P. L.* 572), the General Assembly declared, that "no law of this Commonwealth rendering moneys owing by solvent debtors liable to

[Goepp v. Borough of Bethlehem.]

be assessed and taxed for any purpose, shall be construed and held to make the same liable to be assessed and taxed for borough and township purposes; but they shall be exempt from any charge, tax, or assessment for any such purposes."

Now whilst this section can have no possible relation to the power of succeeding legislatures to tax "moneys owing by solvent debtors," nor to the right of the judiciary to place a construction upon subsequent legislation on the same subject; yet, in the absence of express words, it may aid us in ascertaining the legislative intent.

The acts referred to, viz., that of 29th April, 1844, that of 25th April, 1850, and that of 3d April, 1851; all bear upon the question under consideration, and being in *pari materia*, may be construed together. The first declares that debts due from solvent debtors shall be taxable for state and county purposes; the second, that such debts shall not be taxed for borough or township purposes; and the last, that all property subjected to taxation for county purposes, shall be for borough purposes.

The case depends entirely upon the construction given to the words "all property," found in the Act of 3d April, 1851. There can be no doubt whatever but that the word property, in its general signification, might include "debts due from solvent debtors;" but it is equally clear that it may be used in such a manner as to make it referable solely to such an estate or interest as one may have in lands or goods subject to manual occupation. And this we believe to be the proper application of the words "all property," in the act referred to.

Neither in the Act of 1844, nor in that of 1851, is the power expressly given to tax debts due from solvent debtors, for borough purposes; whilst in that of 1850, it is expressly forbidden. And there is no reason for supposing that the legislature intended to give boroughs, incorporated under and made subject to the provisions of the Act of 1851, a power of taxation expressly withheld from all the other boroughs and townships within the Commonwealth. Special or class legislation is so manifestly wrong that its existence should not be presumed unless the legislative intent is free from doubt or difficulty; and especially is this so when the special legislation is plainly contrary to the general law of the land.

The General Assembly, by the most explicit words, has declared that debts due from solvent debtors shall not be taxed for borough purposes; if certain boroughs claim to exercise the power, let them show a clear and indisputable right for its exercise. It is not enough to produce an Act of Assembly, which may or may not give the power, depending altogether upon the sense in which certain words are used, unless that sense is clearly in favour of the power claimed.

[Goepp *v.* Borough of Bethlehem.]

The word property, when used to designate what one is the owner or possessor of, is of no greater signification than the word estate, and yet we find that in the Act of 29th April, 1844, in describing the subjects of taxation, the legislature, after using the words "all real estate" and "all personal estate," also expressly designate, as the subjects of taxation, all mortgages, money owing by solvent debtors," &c., &c., thus recognising the necessity of enumerating this species of property by its particular name rather than including it under the general words of " all personal estate."

It is true that in Blickensderfer *v.* School Directors, 8 *Harris* 38, it was held that money owing by solvent debtors was taxable for school purposes; but, unlike townships and boroughs, no act had expressly declared that it should not be, and, besides, the Act of 7th April, 1849, declares that the school tax shall be assessed upon the property, *subjects and things*, made taxable for state and county purposes. The distinction is a clear one, and, by deciding that moneys at interest are not proper subjects of taxation for borough purposes, we do not in anywise trench upon the authority of the case referred to. Until the General Assembly declares that debts due from solvent debtors shall be taxed for borough purposes, we will consider the prohibition contained in the Act of 25th April, 1850, as in full force. Whenever the power is clearly given the borough authorities may exercise it, but not till then. It has not yet been so given, and hence its attempted exercise by the borough of Bethlehem was illegal and unwarranted.

And now, November 5th, 1857, upon due consideration, the judgment of the Court of Common Pleas of Northampton county is reversed, and judgment is here entered upon the case stated for the plaintiff for the sum of $593.01, with interest from October 8th, 1855, and costs.